**Gilbert ALBIAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 403-86.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 4, 1987.

Richard E. Langlois, San Antonio, for appellant.

Sam D. Millsap, Jr., Former Dist. Atty., and Mario Bordini and Daniel Thornberry, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of aggravated robbery and assessed punishment at five years' confinement in the Texas Department of Corrections. The Fourth Court of Appeals reversed the conviction, finding the argument of the prosecutor to invite speculation on the part of the jury as to evidence not in the record. The court further found such argument calculated to prejudice the rights of appellant so as to mandate reversal. *Albiar v. State,* 705 S.W.2d 305 (Tex.App. 4 Dist.1986).

We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in holding the closing argument of the prosecutor was im-

proper or whether the argument was invited; and, further whether asking the jury in the prosecutor's closing argument to speculate on the unsworn testimony of an absent witness was, as the State contends, a permissible comment on the defense failure to call a competent and material witness.

In reversing appellant's conviction, the appeals court held the trial court erred in overruling appellant's objection to the prosecutor's argument:

We have got a material witness who is sitting outside there and you heard the testimony.

In the instant case, appellant asserted the defense of alibi. He called several members of his family to the stand in furtherance of his defense. His principal witness was Randy Ibarra, the brother of appellant's sister-in-law.

Ibarra testified to being in the constant presence of appellant from 10:00 p.m. to 2:00 a.m. on December 3–4, 1983. The complainant was robbed at gunpoint by appellant near midnight on December 3, 1983. Ibarra further testified that appellant and he were accompanied the entire evening by Victor Juarez. It is imperative to note there is no evidence in the record that Juarez is a member of appellant's family.

The Court of Appeals found the prosecutor's argument was a request for the jury to consider the unsworn evidence of an absent witness. *Albiar,* supra, at 308. However, an examination of the argument of both counsel, as well as evidence adduced at trial, demonstrates the argument was invited and was an appropriate comment on appellant's failure to call Victor Juarez to testify as a competent, material witness.

During the course of closing argument, defense counsel stated:

I have an alibi witness who is eighteen years old, drinking and admitted smoking marihuana. I can't cover it up. I brought it to you. He was subpoenaed by the State, I used him as an alibi witness. He stated he was with the de-

fendant the—from approximately 10:30 to sometime after 2:00.

I tried to go in and corroborate his testimony with the testimony of other witness. (sic) And, again, I realize that I have family members and some don't trust family members testimony. But I think you all said that you would listen to it and judge the credibility as it came off the witness stand, under oath. (R. III–519–520)

Ibarra testified that he was drinking beer and smoking marihuana on the evening of the robbery. (R. III–411, 419–424, 429–430, 441–443, 456, 480).

The following exchange occurred during the prosecutor's closing argument:

THE PROSECUTOR: you heard the testimony. There were two people with Gilbert Albiar that night, Randy Ibarra and Victor Juarez. The defense has the opportunity of subpoenaing any witness they want to.

DEFENSE COUNSEL: You know—

THE PROSECUTOR: And I don't know why he is even objecting to that because he knows it is true. They have the—

DEFENSE COUNSEL: Your Honor, I would like to interpose an objection.

THE COURT: What is the objection?

DEFENSE COUNSEL: He is going to go and try to raise why the other witness was not brought in to testify. I am going to object on the basis, the basis that they subpoenaed that witness and the jury has the right to know that if he raises that. And I am going to object on that basis.

THE COURT: Overruled, counsel.

THE PROSECUTOR: Thank you, Your Honor. That is right. I subpoenaed him because I wanted him to put him on. I wanted to hear what that witness has to say. Didn't you did you want to hear? (sic)

DEFENSE COUNSEL: I will object to this. He has the right to put on that witness just as well as I have.

THE COURT: Sustain the objection....

THE PROSECUTOR: We have got a material witness who is sitting outside there and you heard the testimony. Victor—

DEFENSE COUNSEL: Your Honor, I would like to raise an objection at this time that counsel is trying to inject in the jury's mind that there is testimony that they have not put on the stand. And on that basis I will object. By using the terminology material witness he is trying to elude them to believe there is testimony that they have that has not, for some reason, been out on the stand, at my expense. And I am going to object on that basis.

THE COURT: Okay. Overruled. Let's proceed. (R. III–531–533)

██ To fall within the realm of proper jury argument, the argument must encompass one of the following areas: summation of the evidence presented at trial; reasonable deduction drawn from the evidence; answer to the opposing counsel's argument; and a plea for law enforcement. *Todd v. State,* 598 S.W.2d 286, 296–7 (Tex. Cr.App.1980); *Dunbar v. State,* 551 S.W.2d 382, 384 (Tex.Cr.App.1977); *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Cr.App. 1973). We recently reiterated an appropriate category of argument as a response to the argument of opposing counsel or invited argument. *Modden v. State,* 721 S.W.2d 859, 861 (Tex.Cr.App.1986); *Anderson v. State,* 717 S.W.2d 622, 632 (Tex.Cr.App.1986); *Dorsey v. State,* 709 S.W.2d 207, 209, 210 (Tex.Cr.App.1986). The defense counsel argued his only avenue available to establish the defense of alibi was to rely on family members. Therefore, the prosecutor's subsequent comments on the failure of Victor Juarez, a non-family member, to testify were invited by the previous comments of defense counsel. We find the prosecutor's statements permissible as the appellant opened the door by his argument. Moreover, we refuse to permit appellant to benefit from an argument which he invited.

██ As a corollary, a prosecuting attorney may comment in his final jury argument on the failure of a defendant to call a

competent and material witness, when it is shown that such witness was available to testify on behalf of the defendant, but was not called by the defendant to testify. The failure to produce available evidence justifies an inference that it would be unfavorable to the defendant. *Garrett v. State*, 632 S.W.2d 350 (Tex.Cr.App.1982); *Carrillo v. State*, 566 S.W.2d 902, 913 (Tex.Cr.App. 1978); *Torres v. State*, 552 S.W.2d 821, 825 (Tex.Cr.App.1977); *Rodgers v. State*, 486 S.W.2d 794 (Tex.Cr.App.1972). Thus, comment by the prosecutor upon the failure of appellant to call Victor Juarez to corroborate his testimony was proper. The rule has long been extended to encompass references to the failure of the accused to call competent and material witness, whose existence is reflected in the record, who could support or buttress a defensive theory. *Rodgers*, supra, at 796–7; *Joines v. State*, 482 S.W.2d 205, 207 (Tex.Cr.App.1972); *Lee v. State*, 164 Tex.Cr.R. 279, 298 S.W.2d 155, 159 (Tex.Cr.App.1957); *Blair v. State*, 150 Tex.Cr.R. 443, 203 S.W.2d 228 (Tex.Cr.App. 1947); *Benjamin v. State*, 109 Tex.Cr.R. 108, 3 S.W.2d 91, 93 (Tex.Cr.App.1927). In the instant case, appellant introduced evidence regarding his activities with a potential witness to establish an alibi and then did not produce the witness at trial. Thus, the prosecutor properly commented on the defense failure to call Juarez in support of his defensive theory. The mere fact that Juarez was under subpoena from the State did not make him unavailable to the appellant.

The appeals court based its opinion on the prohibition of injecting new facts in the record. However, in the case at bar, the existence of Juarez is distinctly set forth in the record. Ibarra's testimony was replete with references to Victor Juarez. The appeals court wholly misconstrued the tenor of the closing argument of the prosecutor. Upon examination of the entire record, we find the prosecutor merely commented on the failure of the defense to call Juarez to the stand. The court's reliance on *Jordan v. State*, 646 S.W.2d 946 (Tex.Cr.App.1983) reveals the nature of its error. The *Jordan* case involved a prosecution for possession of marihuana. Whereupon, the prose-

cutor injected the incriminating fact the accused had needle marks in his arm, although there was no such evidence in the record. *Jordan*, at 947. The *Jordan* case is diametrically opposed to the instant case where the prosecutor noted the defense failure to call a witness, who according to the version of events placed in the record by the defense, should have been able to present favorable testimony on behalf of the defendant. Such arguments are explicitly allowed in this state. *Garrett v. State*, supra; *Carrillo v. State*, supra; *Torres v. State*, supra; *Rodgers v. State*, supra; *Joines v. State*, supra; *Lee v. State*, supra; *Blair v. State*, supra; *Benjamin v. State*, supra.

Therefore, given the foregoing reasons, the judgment of the Court of Appeals is reversed, and the conviction is affirmed.

TEAGUE, J., dissents.