MEMORANDUM OPINION




No. 04-01-00618-CR



Ronald CURTIS,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 2, Bexar County, Texas 


Trial Court No. 695211


Honorable Fred Moore, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: February 26, 2003


AFFIRMED

 A jury found Ronald Curtis guilty of driving while intoxicated. He was sentenced to ninety
days in jail, probated for two years, and fined $750.00. Curtis appeals, raising three points of error:
(1) the evidence is factually insufficient; (2) the trial court erred in overruling his objection to the
prosecutor's jury argument commenting on Curtis's failure to testify; and (3) the trial court erred in
overruling his objection to the prosecutor's comment on Curtis's failure to produce evidence and
witnesses. We affirm.

Factual and Procedural Background


 At 2:00 a.m. on May 22, 1998, Officers Ling and Castillo, in separate marked patrol cars,
were working traffic patrol at the 8100 block of Blanco. Ling saw a white pickup traveling at a high
rate of speed and followed the truck northbound on Blanco. Ling testified that the driver, later
identified as Ronald Curtis, drove aggressively and changed lanes through traffic. As Ling approached
the intersection of Blanco and West Avenue, he turned on his overhead lights. Curtis seemed unaware
of Ling's presence and did not stop.

 Curtis attempted to turn onto West Avenue but locked up his brakes in the process. Ling
testified Curtis seemed unable to control the speed of the vehicle, could not judge the intersection,
and came within a few inches of striking a crosswalk pole. Curtis continued down West Avenue at
a controlled rate of speed and then pulled into an apartment complex and keyed in the gate code. Ling
left his vehicle and approached Curtis, asking him to step from the car. Curtis was surprised by Ling's
presence. Officer Castillo arrived after Ling initiated the traffic stop.

 Ling testified Curtis appeared calm and complied with his requests. However, Curtis seemed
to brace himself against the car door and use it to push himself up out of the car. Curtis provided his
driver's license and was questioned about how much he had to drink that evening. Curtis replied, "too
much." Ling smelled alcohol on Curtis and asked to conduct the field sobriety tests. Curtis agreed;
and Ling asked him to perform three tests: the Romberg balance test, the one-leg stand, and the walk-and-turn test. Ling testified Curtis failed all three tests. On the Romberg balance test, Curtis exhibited
a three-inch side to side sway, a three-inch circular sway, and incorrectly estimated time. He was
unable to complete the one-leg stand and was unable to follow instructions correctly during the walk-and-turn test. Curtis refused to take the Horizontal Gaze Nystagmus (HGN) test. Officer Ling
testified that, before he administered the field sobriety tests, he did not have probable cause to believe
Curtis was impaired. However, after observing Curtis' performance on the tests, Ling concluded
Curtis was intoxicated and placed him under arrest for DWI and transported him to the magistrate's
office. Upon arrival, Curtis was placed in a room with a video camera, read his rights, and asked to
perform both a breathalyzer and the field sobriety tests on camera. Curtis refused.

Factual Sufficiency of the Evidence


 In his first point of error, Curtis complains the evidence is factually insufficient to support the
jury's finding that Curtis was driving while intoxicated. We disagree.

Scope and Standard of Review


 In reviewing a factual sufficiency challenge, we neutrally evaluate all the evidence, both for
and against the finding of guilt, and reverse only if (1) the evidence is so weak as to be clearly wrong
and manifestly unjust or (2) the verdict is against the great weight of the evidence. Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We must maintain appropriate deference to the jury's
verdict by not substituting our own judgment for that of the fact finder. Our "evaluation should not
intrude substantially upon the jury's role as the sole judge of the weight and credibility of witness
testimony." Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000), cert. denied, 532 U.S.
944 (2001) (quoting Jones v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996), cert. denied, 522 U.S.
832 (1997)). 

Discussion


 Curtis bases his factual insufficiency challenge on the following facts: Ling testified he did not
have probable cause to believe Curtis was intoxicated before he administered the field sobriety tests;
no other witness corroborated Ling's testimony regarding Curtis' poor performance on the field
sobriety tests; Ling was biased; other factors may affect performance on field sobriety tests; and, in
the videotape made at the station following Curtis's arrest, he demonstrated sobriety. However, taken
as a whole, the evidence shows Curtis's abilities were impaired.

 Ling initiated the traffic stop based on Curtis's reckless driving. Ling testified Curtis's eyes
were bloodshot; and he smelled of alcohol. During the traffic stop, Curtis commented both on his
consumption of "too much" alcohol and his inability to complete the one leg-stand ("I can't do this").
Based on experience and training, Ling believed Curtis was intoxicated after he failed the field
sobriety tests. Contrary to Curtis's argument these essential portions of Ling's testimony are not
contradicted by indisputable visual evidence on the videotape; nor do we find any evidence that Ling
was biased in performing his duties. See Carmouche v. State, 10 S.W.3d 323, 332 (Tex. Crim. App.
2000).

 After examining all the evidence in a neutral light favoring neither side, we hold the jury's
finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and
manifestly unjust. 


Jury Argument 


 Curtis next contends the trial court erred in overruling his objections to the prosecutor's
arguments at the guilt/innocence phase of trial. Curtis complains of the following closing argument:

 Prosecutor: Let me make this clear that there was no evidence in this case at
all, none at all, of there being any food, being any cell phone. And there's no evidence
of any physical defects. He said- in opening statements defense attorney said that the
defendant was with some friends. Where are these friends? Where are these friends
coming in and saying, "I was with him"--


 Defense counsel: Objection, Your Honor. He's commenting on the
defendant's failure to testify and bringing witnesses on his own behalf. We're going
to ask for a mistrial. 


 Court: Denied. Overruled.


 Prosecution: ... Where are these doctors? Where are these medical records?
There's nothing. There's no evidence of any physical defects. And the defendant never
said anything. If you were asked to perform something when someone thought you
were intoxicated would you not tell them that you had a hurt leg? Sinus medication,
again, there's no evidence.... 

Failure to Testify


 Curtis first argues the prosecutor's statements are comments on Curtis's failure to testify on
his own behalf. We disagree.

 The prosecution may not comment directly or indirectly on a defendant's silence or failure to
testify at trial. See Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001); U.S. Const.
amend. V; Tex. Const. art. I § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979).
However, if the remark does not fault the defendant for exercising his right not to testify, a
prosecutor may comment on a defendant's failure to produce witnesses and evidence. Jackson v.
State, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000). In examining the prosecution's comment, we
must first determine if it was intended to be a comment on the defendant's failure to testify or if the
comment was of such a character that the jury would naturally take it to be a comment on the
defendant's failure to testify. Bustamante, 48 S.W.3d at 765; Patrick v. State, 906 S.W.2d 481, 490
(Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996). A remark that calls attention to the
absence of evidence that only the defendant can supply will result in reversal; however, if the language
can reasonably be construed to refer to the defendant's failure to produce evidence other than his own
testimony, the comment is not improper. Patrick, 906 S.W.2d at 491. Indirect or implied allusions
to a defendant's failure to testify do not violate the defendant's rights. Id. at 490-91.

 Curtis complains of the prosecution's statement that "the defendant never said anything."
However, Curtis failed to object to this statement at trial and thus has waived his right to complain
on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173
(1997). (1)

 Curtis also complains of the prosecutor's reference to the possible presence of a cell phone,
food, or a physical disability. However, the record reveals these comments were in rebuttal to defense
counsel's attacks on the reliability of the field sobriety tests and Ling's observations. On cross-examination, defense counsel questioned Ling about other possible causes of reckless driving, the
appearance of driving while intoxicated, and a person's inability to perform field sobriety tests. These
alternatives included talking on a cell phone, eating a hamburger, and having physical limitations.
Both the State and Curtis continued this line of questioning through cross-examination, redirect, and
re-cross. Curtis argues that no one other than himself could have provided evidence that he was
talking on a cell phone, eating while in his car, or was suffering from physical defects. We disagree. 

 Curtis failed to produce evidence to support his alternate theories. Curtis specifically cross-examined Ling on his search of Curtis's vehicle and, although Ling provided testimony on the
contents of Curtis's vehicle, Ling testified he did not recall the presence of half-eaten hamburgers or
fast-food wrappers. Furthermore, evidence of Curtis's personal possessions could have been provided
by a police inventory log. Likewise, medical records or doctor's testimony could have been offered
as to proof of a physical limitation. Because the prosecutor's comments can reasonably be construed
to refer to Curtis's failure to produce evidence other than his own testimony, we hold the trial court
did not err in overruling the objection.

Other Improper Jury Argument


 Curtis next argues the prosecutor's statements that no friends were called to testify regarding
Curtis's whereabouts before his arrest impermissibly shifted the burden of proof and the production
of witnesses to the defense. Specifically, Curtis argues the prosecutor engaged in an improper
argument by interjecting harmful and prejudicial unsworn evidence to the jury. We again disagree.

 There are four permissible areas of jury argument: (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4)
pleas for law enforcement. Jackson, 17 S.W.3d at 673; Felder v. State, 848 S.W.2d 85, 94-95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993). An argument that exceeds these bounds is error
and will result in reversal if, in the light of the record as a whole, the argument is extreme or
manifestly improper, violates a mandatory statute, or injects new facts, harmful to the accused, into
the trial. Felder, 848 S.W.2d at 95. A prosecutor may, however, comment on a defendant's failure
to present any witnesses or evidence on his behalf or to call certain particular competent and material
witnesses to testify about character, reputation, or other relevant matters. See Albiar v. State, 739
S.W.2d 360, 362-63 (Tex. Crim. App. 1987). The State may further argue the reason for such failure
is that any such testimony would be unfavorable to his defense. Id. at 363; Carrillo v. State, 566
S.W.2d 902, 912 (Tex. Crim. App. [Panel Op.] 1978).

 Curtis argues that by suggesting to the jury that other witnesses could have provided evidence
as to Curtis's whereabouts before the stop, the prosecutor improperly presented new facts not in
evidence. The State, in reply, contends the argument was proper as a response to Curtis's opening
statement that Curtis had been out with friends before the traffic stop. We hold the prosecutor's
subsequent comments on the failure of "friends" to testify were invited by the opening statements of
defense counsel. See Powell v. State, 63 S.W.3d 435, 439 (Tex. Crim. App. 2001) (holding it is
within trial court's discretion to admit extraneous evidence to rebut defensive theory raised in the
defendant's opening statement); see also Albiar, 739 S.W.2d at 363 (holding prosecutor may
comment in closing arguments on defendant's failure to call competent and material witnesses, if the
witnesses were available to testify but not called by the defendant, and defendant's failure to produce
available evidence justifies inference that it would have been unfavorable to the defendant); Torres
v. State, 552 S.W.2d 821, 825 (Tex. Crim. App. 1977) (holding the prosecutor may comment on the
defendant's failure to call competent and material witnesses and may also argue that the reason for
such failure is that any such testimony would have been unfavorable to his defense). Moreover, any
error in overruling the objection was harmless. In light of the entire record, the probable effect of
these comments was minimal to none. It is improbable, absent these comments, the jury would have
reached a different conclusion. See Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990);
Harris v. State, 790 S.W.2d 568, 586 (Tex. Crim. App. 1989).


 The trial court's judgment is affirmed.


 Sarah B. Duncan, Justice

Do not publish
1. We note that this statement, when read in context, does not refer to Curtis's failure to testify at trial but to
his failure to inform Officer Ling of any conditions that would affect his ability to perform the field sobriety tests during
the traffic stop.