MEMORANDUM OPINION



No. 04-04-00268-CR



Mark LANGLEY,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-8103


Honorable Mary Roman, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: January 5, 2005


AFFIRMED.

 Mark Langley, appellant, appeals his life sentence for murder. After entering a guilty plea,
Langley elected to have the jury assess his punishment. In his sole issue on appeal, Langley contends
the trial court erred in denying his motion for a mistrial, which was predicated on improper jury
argument. Because the issue in this appeal involves the application of well-settled principles of law,
we affirm the trial court's judgment in this memorandum opinion under Tex. R. App. P. 47.4.

 Langley argues a mistrial should have been granted after the prosecutor, referring to a defense
witness during final argument, commented: "She was hired and paid for by the defense to come in
here and tell you her story, which was originally motivated and designed to be-to find-to say that
there was something mitigating about this killing." Langley's objection that the prosecutor's
comment impermissibly struck at him over the shoulder of defense counsel was sustained. He did not
request an instruction to disregard, and his motion for mistrial was denied. To attack improper jury
arguments, the defendant should: 1) object when it is possible; 2) request an instruction to disregard;
and 3) move for a mistrial if an instruction to disregard is not sufficient to cure the error. Young v.
State, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004); Brooks v. State, 642 S.W.2d 791, 798 (Tex. Crim.
App. 1982). Although Langley failed to request an instruction to disregard, the Court of Criminal
Appeals has recently held that a timely motion for mistrial is sufficient to preserve error if the error
is incurable. Young, 137 S.W.3d at 70 (stating that the sequence of objecting, requesting an
instruction to disregard, and moving for a mistrial is not essential to preserve complaints for appellate
review; "the essential requirement is a timely, specific request that the trial court refuses"). If the
alleged error is curable, however, "the party who fails to request an instruction to disregard will have
forfeited appellate review of that class of events that could have been 'cured' by such an instruction."
Id.

 We do not reach the issue of whether an instruction to disregard was necessary, however,
because we do not agree the prosecutor's comment was improper. Jury argument by the State must
fall within one of the following general categories in order to be permissible: 1) summation of the
evidence; 2) reasonable deduction from the evidence; 3) answer to argument of opposing counsel;
or 4) plea for law enforcement. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000),
(citing McFarland v. State, 845 S.W.2d 824, 844 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963
(1993)). If the defendant's attorney invites the argument, then the State is allowed to respond to the
argument. Albiar v. State, 739 S.W.2d 360, 362 (Tex. Crim. App. 1987). The State's comment
concerned Tracy Jordan, a psychologist who testified on behalf of the defendant. During its final
argument, the defense made the following comments regarding Dr. Jordan's credibility:

 She's got no motivation to lie. Did she seem like a reputable physician to you? Did
she seem like a person who is some hired gun who will just come and say anything,
or did she seem to be a professional? I think you can judge her demeanor as to what
her motivation was to come here today.


The State's argument about which Langley complains was made following this argument. We hold
the State's argument permissible as Langley's counsel opened the door by his comments. Albiar, 739
S.W.2d at 362. Because we hold the State's argument to be a proper response to argument of
defense counsel, we overrule Langley's sole issue on appeal. We affirm the trial court's judgment.


 Catherine Stone, Justice


DO NOT PUBLISH