Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**CONCURRING OPINION**

No. 04-08-00405-CR

William Andrew **LEMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B07-01
Honorable Emil Karl Prohl, Judge Presiding

Opinion:      Marialyn Barnard, Justice
Concurring opinion by: Steven C. Hilbig, Justice

Sitting:      Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed: August 19, 2009

Although I agree the prosecutor's improper argument did not affect Lemon's substantial rights, I write separately because I disagree with part of the majority's analysis. The majority correctly sets forth the standard of review and applicable law. The majority also correctly concludes the trial court erred in overruling Lemon's objection to the prosecutor's argument, but that the error was not harmful. My disagreement is with the majority's conclusion that the prosecutor's conduct

was not manifestly improper and was somehow less severe because it was made in response to a portion of Lemon's final argument.

During cross-examination, Javier Flores, the State's DNA expert, admitted the complainant's DNA appeared in a DNA sample from a different and unrelated case. Flores acknowledged the mistake. The court also admitted into evidence Defendant's Exhibit 3, a report from the Texas Department of Public Safety Crime Laboratory Service. The report, labeled a "Quality Action Plan," relates that a saliva sample from Guadalupe Rodriguez was contaminated by the saliva sample from the complainant. Under a subsection labeled "Action Plan," the report states "[m]ore attention will be placed on injections that follow an off scale injection to detect this type of carryover contamination." The exhibit indicates Flores created the report. The testimony and exhibit plainly demonstrate the DPS laboratory had an incident of contamination of a DNA sample.

During his closing argument, Lemon highlighted this evidence and suggested the jury should not trust the DNA analysis. This argument was proper and entirely based on the evidence before the jury. *See Albiar v. State*, 739 S.W.2d 360, 362 (Tex. Crim. App. 1987) (holding that proper jury argument includes summation of trial evidence and reasonable deductions from evidence). In response, the State went outside the evidence, informing the jurors that (1) Lemon had a DNA expert; (2) the county paid for the expert; (3) Lemon gave notice the DNA expert would testify at trial; (4) no DNA expert testified on behalf of Lemon;[1] and (5) there is a "rule" "out there" that applies when the defendant does not call an available "credible" witness. The jury was left to

---

[1] The record reflects the parties entered into an agreement that the State would not call two of its experts and in return, Lemon stipulated he would not call his DNA expert whom the State described as a "counter-expert." This agreement was placed on the record outside the presence of the jury.

speculate about the effect of the rule because the prosecutor was interrupted by an objection and never completed his argument on the "rule."

The prosecutor's argument was manifestly improper because it went outside the record, injected new facts, and was not a proper response to Lemon's argument. Lemon's argument was based on evidence before the jury, but the prosecutor injected new facts that were harmful to Lemon. *See Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990) ("[A] prosecutor may not use closing argument to get evidence before the jury which is outside the record and prejudicial to the accused."). The argument cannot be excused or justified as responsive to Lemon's earlier, wholly proper jury argument. *Cf. Bush v. State*, 773 S.W.2d 297, 301 (Tex. Crim. App. 1989) (holding prosecution may argue outside record only in response to defense argument that is outside record). While the record does not demonstrate the argument was made with the intent to deprive Lemon of a fair and impartial trial, it certainly had the capacity to do so.

Applying the factors enumerated in *Brown v. State*, 270 S.W.3d 564, 572-73 (Tex. Crim. App. 2008), I find the misconduct severe, and note there were no curative measures. In fact, the trial court's comments when ruling may have exacerbated the harm because he overruled the objection "based on the case that we discussed." This statement may have unintentionally added credence to the prosecutor's argument. Relying solely on these two factors, a reversal is warranted. However, the remaining factor – the certainty of the conviction absent the misconduct – weighs heavily in the State's favor, as demonstrated by the majority opinion. Accordingly, I agree Lemon's substantial rights were not violated.

Steven C. Hilbig, Justice

PUBLISH