Opinion filed March 24,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00210-CR 

                                                    __________

 

                                     RUBEN
VELA, SR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 54th District Court

 

                                                        McLennan
County, Texas

 

                                                Trial
Court Cause No. 2008-907-C2

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Ruben Vela, Sr. of five counts of indecency with a child by
contact and five counts of aggravated sexual assault.  The jury assessed
punishment as follows:  Count I, fifteen years; Count II, ninety-nine years;
Count III, ninety-nine years; Count IV, ninety-nine years and a fine of
$10,000; Count V, fifteen years; Count VI, fifteen years; Count VII,
ninety-nine years; Count VIII, life plus a fine of $10,000; Count IX, fifteen
years; and Count X, fifteen years.  All of the sentences run concurrently
except for the sentence in Count VIII.  The judgment in Count VIII reflects
that the term of life in prison is to run consecutively to the ninety-nine year
sentence imposed in Count IV.  We affirm.

            Appellant
presents two issues on appeal.  In the first, he argues that the trial court
erred in admitting the testimony of a medical doctor regarding hearsay
statements made to the doctor by the victim.  A trial court has discretion in
determining whether to admit or exclude hearsay evidence as an exception to the
hearsay rule.  We must review the trial court’s decision under an abuse of
discretion standard and may not reverse that decision unless it was so clearly
wrong as to lie outside the zone of reasonable disagreement.  Taylor v.
State, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); Zuliani v. State,
97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  

Appellant
contends that the victim’s statements to the doctor did not qualify as an
exception to the hearsay rule under Tex.
R. Evid. 803(4) because the statements were not made for the purpose of
medical diagnosis or treatment but were made just three months prior to trial
and in preparation for trial.  Rule 803(4) provides that hearsay statements
meeting the following criteria are not excluded by the hearsay rule:

Statements
made for purposes of medical diagnosis or treatment and describing medical
history, or past or present symptoms, pain, or sensations, or the inception or
general character of the cause or external source thereof insofar as reasonably
pertinent to diagnosis or treatment. 

 

For a statement
to be admissible under this exception, the declarant must make the statement
for the purpose of receiving medical treatment, and the content of the
statement must be such as is reasonably relied on by a physician in treatment or
diagnosis.  The proponent of the evidence is required to show that the
out-of-court declarant was aware that the statements were made for the purpose
of medical diagnosis or treatment and that proper diagnosis or treatment
depends upon the veracity of such statements.  Taylor, 268 S.W.3d at
588-89.  In this regard, when the hearsay statement of a child reveals the
identity of the perpetrator of sexual abuse, the proponent must show that such
statement is pertinent.  Id. at 591.  

Dr.
Ann Sims, the medical director for the Advocacy Center, was allowed to testify,
“Well, she told me that her uncle had penetrated her private area with his
finger, uh, with his penis and with his tongue.”  Dr. Sims also stated that the
victim said that “white stuff came out and got on her.”  Prior to relating
these statements, Dr. Sims had explained that her goal is to get a complete
medical history and perform a physical examination on every child that she sees
at the advocacy center to make sure they are okay.  Dr. Sims explained that, in
order to know what type of physical exam to conduct, she needs to be aware of
“what invasive acts have happened to them that might either cause injury or
make them at risk of disease.”  Dr. Sims testified that she needs to know if
there has been penetration of the genitalia.  Because the victim reported
penetration and ejaculation by a male sexual organ, Dr. Sims tested the victim
for sexually transmitted diseases that could have been asymptomatic for years and
also checked the victim for scarring and evidence of trauma.  The results of
the tests performed by Dr. Sims in this case were negative, and there was no
evidence of trauma.  The victim was fourteen years old when she was taken to
the Advocacy Center for an interview and a medical exam.  The victim testified
that she saw a doctor and “got an exam from her.”

The
facts in Hernandez v. State, No. 03-08-00795-CR, 2010 WL 2788875 (Tex.
App.—Austin July 13, 2010, no pet.) (mem. op., not designated for publication),
and Lucero v. State, Nos. 01-07-01123-CR & 01-09-00931-CR, 2009 WL
5174275 (Tex. App.—Houston [1st Dist.] Dec. 31, 2009, no pet.) (mem. op., not
designated for publication), are similar to those in this case.  As did the
courts in Hernandez and Lucero, we hold that the trial court did
not abuse its discretion by admitting the doctor’s testimony under Rule 803(4). 
Based on the circumstances of this case and the testimony of Dr. Sims, it was
within the trial court’s discretion to determine that the statements were made for
the purpose of medical diagnosis or treatment and that proper diagnosis or
treatment depended upon the veracity of such statements. 

We
further hold, as did the court in Taylor, that any error in allowing Dr.
Sims to testify regarding the victim’s statement about the identity of the
perpetrator of the sexual abuse as “her uncle” was harmless under Tex. R. App. P. 44.2(b).  See Taylor,
268 S.W.3d at 592-93.  Under Rule 44.2(b), a nonconstitutional error that does
not affect substantial rights must be disregarded.  A substantial right is
affected when the error has a substantial and injurious effect or influence in
determining the jury’s verdict.  Johnson v. State, 43 S.W.3d 1, 4 (Tex.
Crim. App. 2001); King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App.
1997).  When conducting a Rule 44.2(b) harm analysis based upon the erroneous
admission of evidence, an appellate court should consider everything in the
record, including:

[A]ny
testimony or physical evidence admitted for the jury’s consideration, the
nature of the evidence supporting the verdict, the character of the alleged
error and how it might be considered in connection with other evidence in the
case, the jury instructions, the State’s theory and any defensive theories,
closing arguments, voir dire, and whether the State emphasized the error.

 

Rich v. State, 160 S.W.3d
575, 577-78 (Tex. Crim. App. 2005).

Identity
was not an issue in this case.  Prior to Dr. Sims’s testimony, the victim had
testified in detail about the sexual acts committed by appellant, who was one
of her uncles.  Dr. Sims did not testify in much detail about the statements
made to her by the victim concerning the acts allegedly committed by appellant,
and Dr. Sims’s testimony was not emphasized by the State.  Any error in
admitting the objectionable part of Dr. Sims’s testimony did not have a
substantial and injurious effect or influence on the jury in reaching its
verdict.  Appellant’s first issue is overruled.  

            In
his second issue, appellant asserts that he was entitled to a mistrial after
the prosecutor invited the jury to disregard the burden of proof and suggested
that appellant should have presented evidence of his innocence.  Appellant
specifically complains about the following statements made by the prosecutor
during her closing argument:

            But the
defense could have called any of those people [that the victim had talked to
about the offenses] and asked them if she said something different, if she had,
in fact, been inconsistent.  And the fact that you didn’t hear from any of
those people, one inconsistency in a year and a half since she made this outcry
about sexual abuse that lasted over an extended period of time, ladies and
gentlemen, should tell you this kid has been really consistent.

  

Appellant
objected that the State was inviting the jury to disregard the burden of
proof.  The trial court sustained the objection, instructed the jury to
disregard, and denied appellant’s motion for mistrial.  

There
are four categories of proper jury argument: (1) summation of the evidence, (2) reasonable
deductions from the evidence, (3) answers to the arguments of opposing counsel,
and (4) pleas for law enforcement.  Cantu v. State, 842 S.W.2d 667, 690
(Tex. Crim. App. 1992).  It is within the bounds of permissible jury argument
for the State to comment on a defendant’s failure to call competent and
material witnesses.  Sonnier v. State, 913 S.W.2d 511, 523 (Tex. Crim.
App. 1995); Albiar v. State, 739 S.W.2d 360 (Tex. Crim. App. 1987). 
Furthermore, even when an argument exceeds the permissible bounds, it will not
constitute reversible error unless, in light of the record as a whole, it is
extreme or manifestly improper, violative of a mandatory statute, or injects
new facts harmful to the accused into the trial proceeding.  Wesbrook v.
State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  An argument is extreme
and manifestly improper if the record reveals a willful and calculated effort
on the part of the State to deprive appellant of a fair and impartial trial.  Cantu
v. State, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997).  In most instances,
an instruction to disregard the remarks will cure the error.  Wesbrook,
29 S.W.3d at 115.  

If
there was any error in the prosecutor arguing that the defense could have
called witnesses to attack the victim’s credibility if she had given
inconsistent statements regarding the abuse, the error was cured by the trial
court’s instruction to disregard.  The prosecutor did not invite the jury to
disregard the burden of proof but, rather, noted appellant’s failure to call
competent witnesses.  The argument did not inject new facts or violate a
statute.  Nothing in the record suggests that the State was attempting to
deprive appellant of a fair and impartial trial; thus, the argument was not
extreme or manifestly improper.  Appellant’s second issue is overruled.

            The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

March 24, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.