**Opinion filed March 24, 2011**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-09-00210-CR

_____

## RUBEN VELA, SR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 54th District Court**

**McLennan County, Texas**

**Trial Court Cause No. 2008-907-C2**

## M E M O R A N D U M   O P I N I O N

The jury convicted Ruben Vela, Sr. of five counts of indecency with a child by contact and five counts of aggravated sexual assault. The jury assessed punishment as follows: Count I, fifteen years; Count II, ninety-nine years; Count III, ninety-nine years; Count IV, ninety-nine years and a fine of $10,000; Count V, fifteen years; Count VI, fifteen years; Count VII, ninety-nine years; Count VIII, life plus a fine of $10,000; Count IX, fifteen years; and Count X, fifteen years. All of the sentences run concurrently except for the sentence in Count VIII. The judgment in Count VIII reflects that the term of life in prison is to run consecutively to the ninety-nine year sentence imposed in Count IV. We affirm.

Appellant presents two issues on appeal. In the first, he argues that the trial court erred in admitting the testimony of a medical doctor regarding hearsay statements made to the doctor by the victim. A trial court has discretion in determining whether to admit or exclude hearsay evidence as an exception to the hearsay rule. We must review the trial court's decision under an abuse of discretion standard and may not reverse that decision unless it was so clearly wrong as to lie outside the zone of reasonable disagreement. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

Appellant contends that the victim's statements to the doctor did not qualify as an exception to the hearsay rule under TEX. R. EVID. 803(4) because the statements were not made for the purpose of medical diagnosis or treatment but were made just three months prior to trial and in preparation for trial. Rule 803(4) provides that hearsay statements meeting the following criteria are not excluded by the hearsay rule:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

For a statement to be admissible under this exception, the declarant must make the statement for the purpose of receiving medical treatment, and the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis. The proponent of the evidence is required to show that the out-of-court declarant was aware that the statements were made for the purpose of medical diagnosis or treatment and that proper diagnosis or treatment depends upon the veracity of such statements. *Taylor*, 268 S.W.3d at 588-89. In this regard, when the hearsay statement of a child reveals the identity of the perpetrator of sexual abuse, the proponent must show that such statement is pertinent. *Id.* at 591.

Dr. Ann Sims, the medical director for the Advocacy Center, was allowed to testify, "Well, she told me that her uncle had penetrated her private area with his finger, uh, with his penis and with his tongue." Dr. Sims also stated that the victim said that "white stuff came out and got on her." Prior to relating these statements, Dr. Sims had explained that her goal is to get a complete medical history and perform a physical examination on every child that she sees at the advocacy center to make sure they are okay. Dr. Sims explained that, in order to know what type of physical exam to conduct, she needs to be aware of "what invasive acts have happened to them that might either cause injury or make them at risk of disease." Dr. Sims testified that she

2

needs to know if there has been penetration of the genitalia. Because the victim reported penetration and ejaculation by a male sexual organ, Dr. Sims tested the victim for sexually transmitted diseases that could have been asymptomatic for years and also checked the victim for scarring and evidence of trauma. The results of the tests performed by Dr. Sims in this case were negative, and there was no evidence of trauma. The victim was fourteen years old when she was taken to the Advocacy Center for an interview and a medical exam. The victim testified that she saw a doctor and "got an exam from her."

The facts in *Hernandez v. State*, No. 03-08-00795-CR, 2010 WL 2788875 (Tex. App.—Austin July 13, 2010, no pet.) (mem. op., not designated for publication), and *Lucero v. State*, Nos. 01-07-01123-CR & 01-09-00931-CR, 2009 WL 5174275 (Tex. App.—Houston [1st Dist.] Dec. 31, 2009, no pet.) (mem. op., not designated for publication), are similar to those in this case. As did the courts in *Hernandez* and *Lucero*, we hold that the trial court did not abuse its discretion by admitting the doctor's testimony under Rule 803(4). Based on the circumstances of this case and the testimony of Dr. Sims, it was within the trial court's discretion to determine that the statements were made for the purpose of medical diagnosis or treatment and that proper diagnosis or treatment depended upon the veracity of such statements.

We further hold, as did the court in *Taylor*, that any error in allowing Dr. Sims to testify regarding the victim's statement about the identity of the perpetrator of the sexual abuse as "her uncle" was harmless under TEX. R. APP. P. 44.2(b). *See Taylor*, 268 S.W.3d at 592-93. Under Rule 44.2(b), a nonconstitutional error that does not affect substantial rights must be disregarded. A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). When conducting a Rule 44.2(b) harm analysis based upon the erroneous admission of evidence, an appellate court should consider everything in the record, including:

> [A]ny testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.

*Rich v. State*, 160 S.W.3d 575, 577-78 (Tex. Crim. App. 2005).

Identity was not an issue in this case. Prior to Dr. Sims's testimony, the victim had testified in detail about the sexual acts committed by appellant, who was one of her uncles. Dr. Sims did not testify in much detail about the statements made to her by the victim concerning the acts allegedly committed by appellant, and Dr. Sims's testimony was not emphasized by the State. Any error in admitting the objectionable part of Dr. Sims's testimony did not have a substantial and injurious effect or influence on the jury in reaching its verdict. Appellant's first issue is overruled.

In his second issue, appellant asserts that he was entitled to a mistrial after the prosecutor invited the jury to disregard the burden of proof and suggested that appellant should have presented evidence of his innocence. Appellant specifically complains about the following statements made by the prosecutor during her closing argument:

> But the defense could have called any of those people [that the victim had talked to about the offenses] and asked them if she said something different, if she had, in fact, been inconsistent. And the fact that you didn't hear from any of those people, one inconsistency in a year and a half since she made this outcry about sexual abuse that lasted over an extended period of time, ladies and gentlemen, should tell you this kid has been really consistent.

Appellant objected that the State was inviting the jury to disregard the burden of proof. The trial court sustained the objection, instructed the jury to disregard, and denied appellant's motion for mistrial.

There are four categories of proper jury argument: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to the arguments of opposing counsel, and (4) pleas for law enforcement. *Cantu v. State*, 842 S.W.2d 667, 690 (Tex. Crim. App. 1992). It is within the bounds of permissible jury argument for the State to comment on a defendant's failure to call competent and material witnesses. *Sonnier v. State*, 913 S.W.2d 511, 523 (Tex. Crim. App. 1995); *Albiar v. State*, 739 S.W.2d 360 (Tex. Crim. App. 1987). Furthermore, even when an argument exceeds the permissible bounds, it will not constitute reversible error unless, in light of the record as a whole, it is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). An argument is extreme and manifestly improper if the record reveals a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial. *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997). In most

instances, an instruction to disregard the remarks will cure the error. *Wesbrook*, 29 S.W.3d at 115.

If there was any error in the prosecutor arguing that the defense could have called witnesses to attack the victim's credibility if she had given inconsistent statements regarding the abuse, the error was cured by the trial court's instruction to disregard. The prosecutor did not invite the jury to disregard the burden of proof but, rather, noted appellant's failure to call competent witnesses. The argument did not inject new facts or violate a statute. Nothing in the record suggests that the State was attempting to deprive appellant of a fair and impartial trial; thus, the argument was not extreme or manifestly improper. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


March 24, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.