Opinion issued December 29, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00989-CR

———————————

Joseph Rene
Hernandez, Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 10th District Court

Galveston
County, Texas



Trial Court Case No. 09CR3387

 



 

MEMORANDUM OPINION

Appellant, Joseph Rene Hernandez, was
charged by indictment with aggravated sexual assault of a child.[1]  Appellant pleaded not guilty.  The jury found him guilty and assessed
punishment at eighty years’ confinement. 
In one issue, appellant argues the trial court abused its discretion by
denying his motion for mistrial after it had struck a statement by the State in
closing arguments.

We affirm.

                                                                                                                                                                
Background

Appellant was charged by indictment with aggravated sexual
assault of a child for penetrating his daughter’s anus with his penis.  His daughter testified for the State,
describing the events of the charged assault as well as previous times that her
father had committed the same act on her. 
Appellant’s son also testified for the State, describing a couple of
times he had passed by his sister’s room on the way to the bathroom late at
night.  On those occasions, he had seen
his father on top of his sister.  Both of
them were face down and appellant’s pants were pulled down past his buttocks.

Appellant’s counsel argued during closing arguments that
the accusations against him were stories created after appellant had failed to
make some child support payments.  To
support this argument, appellant’s counsel asserted that appellant’s daughter’s
testimony was too vague to be believable. 
Specifically, he stated:

[Appellant’s counsel]:   The other thing was the event was always it happened for a short
period of time and he left. We know there’s more to it than that. But more
importantly, there’s more things that necessarily come to your mind when that
happens. There’s no talk of cleaning up, for instance. There’s no talk of
sweating, breath, any of the other factors that would make you believe that
this person actually experienced this.

          . . .

          . . . .  And again I submit to you that those
allegations are like all of them. It’s vague. It’s the right words but none of
the details. It’s all the smell but none of the steak. That’s from my family.
We obviously eat a lot. There’s just not been the details given to make these
things -- to make you feel good or make you feel confident that they even
happened.

In its closing argument, the State’s counsel addressed
this assertion by Appellant’s counsel, which led to Appellant’s counsel’s
objection.  The exchange occurred as
follows:

[State’s counsel]:  But
he decided to violate her one more time. And what did he do? He said, “Go to
Aunt Lucy’s room and pull your pants down,” and he pulled her pants down for
her. And she told you about this. And she said in no uncertain terms that he
put his penis in her butt. Now, I’m sorry that we spared y’all some of the gory
details of what happened --

[Appellant’s Counsel]:  Objection, Your Honor. Arguing outside the record of what they
could or could not have put on.

THE COURT:      I
sustain the objection.

[Appellant’s Counsel]:  I ask that you instruct the jury.

THE COURT:      Disregard
that last statement.

[Appellant’s Counsel]:  Motion for mistrial.

THE COURT:      Denied.

                                                                                                                                                  
Motion for Mistrial

In his sole issue, appellant argues that the trial court
abused its discretion by denying his motion for mistrial after it had struck a
statement by the State in closing arguments.

A.              
Standard of Review

We review a trial court’s ruling on a motion for mistrial
for abuse of discretion.  Archie v.
State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); Bryant v. State, 340 S.W.3d 1, 12 (Tex. App.—Houston [1st Dist.]
2010, pet. ref’d).  We must uphold the
trial court’s ruling if it was within the zone of reasonable disagreement.  Archie,
221 S.W.3d at 699.  “Only in extreme
circumstances, where the prejudice is incurable, will a mistrial be required.”  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  A trial court may properly exercise its
discretion to declare a mistrial if a verdict of conviction could be reached,
but would have to be reversed on appeal due to an obvious procedural error in
the trial.  Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).
 The determination of whether a given
error necessitates a mistrial must be made by examining the particular facts of
the case.  Hernandez v. State, 805 S.W.2d 409, 414 (Tex. Crim. App.
1990).

B.              
Analysis

Proper jury argument must encompass one of the following:
(1) a summation of the evidence presented at trial; (2) a reasonable deduction
drawn from that evidence; (3) an answer to the opposing counsel’s argument; or
(4) a plea for law enforcement.  Guidry
v. State, 9 S.W.3d 133, 154
(Tex. Crim. App. 1999); Swarb v. State,
125 S.W.3d 672, 685 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d).  To determine whether a party’s argument
properly falls within one of these categories, we must consider the argument in
light of the entire record.  Sandoval
v. State, 52 S.W.3d 851,
857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).  In most cases, if error occurs, an instruction
to disregard will cure any error committed.  Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).

If the defense counsel invites argument, then it is appropriate
for the State to respond.  Albiar v. State, 739 S.W.2d 360, 362
(Tex. Crim. App. 1987); Soto v. State,
864 S.W.2d 687, 693 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).  Even jury argument that is typically constitutionally
prohibited can be permissible if it is invited by the defense.  See
Sanchez v. State, 837 S.W.2d 791, 793–94 (Tex. App.—Houston [14th Dist.]
1992, pet. ref’d) (holding State’s jury argument about defendant’s failure to
testify not to be error because invited by defense counsel’s argument).  Invited argument must not “stray beyond the
scope of the invitation,” however.  Brown v. State, 270 S.W.3d 564, 572
(Tex. Crim. App. 2008).

In Soto, the
defendant was charged with aggravated sexual assault.  864 S.W.2d at 688.  The defense counsel argued to the jury that
the State had failed to meet its burden of proving that defendant was the
assaulter because it had failed to perform DNA testing.  Id.
at 693.  The State’s counsel responded by
arguing DNA testing was not necessary because he already knew who did it.  Id.
at 692–93.  On appeal, the court held
there was no error because State’s counsel was responding to the argument of
the defense counsel.  Id. at 693.

Here, Appellant’s counsel characterized Appellant’s
daughter’s testimony about the assault as an invented story because it lacked
detail.  The State’s counsel responded to
this argument by arguing that she had elicited sufficient detail from
Appellant’s daughter to support conviction and had chosen to spare the jury the
more specific details from the testimony of a child that was 14 at the time she
testified.  We hold that this argument
was invited by appellant’s counsel and that the State did not go beyond the
scope of the invitation in its response. 
Accordingly, the trial court did not abuse its discretion in denying
appellant’s motion for a mistrial.

We overrule appellant’s sole issue.




 

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

Justice Massengale concurring in the judgment.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i),
(a)(2)(B) (Vernon Supp. 2011).