Affirmed; Opinion Filed November 30, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01511-CR

## MAYANIO JOHN EMALE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 8
Dallas County, Texas
Trial Court Cause No. MB1034281J

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

A jury convicted Mayanio John Emale of driving while intoxicated and assessed punishment at 90 days' confinement and a $1,500 fine. Emale appeals and, in three issues, argues the evidence was insufficient to support the conviction; the trial court erred in limiting Emale's closing arguments to facts deducible from the record; and the trial court erred by not allowing Emale to conduct voir dire on a witness to determine whether reasonable suspicion existed for an investigatory detention. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.1. We affirm the judgment of the trial court.

The record contains evidence that two drivers were almost struck by Emale when he made a sharp left turn into oncoming traffic. The two drivers who had almost been struck followed Emale and then cornered him when he pulled into a parking lot. One of the drivers called the police while the other prevented Emale from driving away by taking his car keys. Officer Travis Huckaby responded to the emergency call and attempted to administer a horizontal gaze nystagmus intoxication test but stopped because Emale was swaying dangerously and Huckaby feared for Emale's safety. Emale was arrested and subsequently tried. At trial, both drivers and officer Huckaby testified they believed Emale was intoxicated because he smelled of alcohol, lacked normal coordination, and had slurred speech.

In his first point of error, Emale argues that there was insufficient evidence to support his conviction because the state failed to demonstrate a temporal link between his intoxication and his operation of a vehicle.

We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012).

"Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. *Id.* § 49.01(2)(A). To support a conviction for DWI, "there must be a temporal link between the defendant's intoxication and his driving, but a conviction can be supported solely by circumstantial evidence." *Kuciemba v. State,* 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

Viewing the evidence in a neutral light, we cannot say the evidence of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or that the proof of guilt is greatly outweighed by contrary proof. *See Johnson v. State,* 23 S.W.3d 1, 10–11 (Tex. Crim. App. 2000). Here, both drivers testified that they had seen Emale driving—indeed he had almost struck them with his vehicle—immediately before they cornered him in the parking lot. They testified that once cornered, they observed signs of intoxication, including slurred speech, inability to sit upright, lack of normal coordination, and the stench of alcohol. Likewise, Huckaby testified that the engine of Emale's car was still warm when he arrived at the scene. This testimony, if credited by the fact finder, is sufficient to create a direct temporal link between Emale's intoxication and his driving of a vehicle. We need not further detail the rest of the evidence. *See Sims v. State,* 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). We conclude the evidence is factually sufficient to support the conviction. We overrule Emale's first point of error.

In his second issue, Emale argues the trial court erred when it limited Emale's closing arguments to evidence actually presented at trial.

The standard of review for improper jury argument is abuse of discretion. *Powell v. State,* 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). The Court of Criminal Appeals identified five areas of permissible jury argument: summation of evidence, reasonable deductions from evidence,

response to defendant's argument, plea for law enforcement, and invited argument. *Albiar v. State*, 739 S.W.2d 360, 362 (Tex. Crim. App. 1987). A reference to facts not supported by the record is improper argument. *Allridge v. State*, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988).

Here, during closing argument, Emale's counsel alluded to the possibility that Emale's intoxication was caused by a pain pill he had taken between the time he pulled his car over and the arrival of law enforcement officers, thus negating the temporal link between his driving and his intoxication. A search of the record shows that no evidence was presented that Emale possessed or consumed pain pills. Because Emale's counsel's allusion to pain pills references facts not supported by the record, the trial court did not abuse its discretion by limiting that line of argument. As such, we overrule Emale's second point of error.

In his third issue, Emale argues the trial court erred when it refused to allow him to voir dire Officer Huckaby regarding the existence of reasonable suspicion for his detention.

To preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an "offer of proof" which sets forth the substance of the proffered evidence. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). A mere statement of intent to question a witness regarding the existence of reasonable suspicion is insufficient to preserve error. *See Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993). Rather, the party must present the court with a concise statement that conveys the content of the testimony the party desires to elicit from the witness. *Id.*

Here, Emale preserved nothing for our review. During direct examination of Huckaby, following a question concerning outward signs of intoxication, counsel for Emale interjected, "I'm gonna make an objection based on reasonable suspicion in detaining the defendant. Permission to voir dire the witness?" The objection was overruled and no offer of proof was made.

Merely stating a desire to ask questions about Huckaby's basis for reasonable suspicion, as Emale's counsel did here, did not apprise the trial court of the basis for the objection or the testimony desired. Because Emale failed to make an offer of proof, he preserved nothing for our review. We overrule Emale's third point of error.[1]

Emale attempts to raise a new, fourth issue in his reply brief. A reply brief is only allowed to address matters raised in the appellee's brief. See TEX. R. APP. P. 38.3; *Barrios v. State*, 27 S.W.3d 313, 322 (Tex. App.—Houston[1st Dist.] 2000, pet. ref'd). Issues may not be raised for the first time in a reply brief. *See Barrios*, 27 S.W.3d at 322. Because Emale did not raise the relevant issue in his original brief and the State did not raise the issue in its brief, Emale may not raise the issue for the first time in his reply brief. Accordingly, we decline to address Emale's fourth issue.

Having overruled all of Emale's points of error, we affirm the judgment of the trial court.

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111511F.U05

---

[1] Even if an offer of proof had been made, the error likely would be harmless. Emale was able to question Huckaby about probable cause quite extensively during cross-examination.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MAYANIO JOHN EMALE, Appellant

No. 05-11-01511-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the County Criminal Court No. 8 of Dallas County, Texas. (Tr.Ct.No. MB1034281J).
Opinion delivered by Justice Moseley, Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 30, 2012.

_____

JIM MOSELEY
JUSTICE