Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# OPINION

No. 04-08-00405-CR

William Andrew **LEMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B07-01
Honorable Emil Karl Prohl, Judge Presiding

Opinion by:    Marialyn Barnard, Justice
Concurring opinion by: Steven C. Hilbig, Justice

Sitting:    Rebecca Simmons, Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed: August 19, 2009

AFFIRMED

A jury found William Andrew Lemon guilty of one offense of indecency with a child and two

offenses of aggravated sexual assault of a child.  On appeal, Lemon contends the trial court abused

its discretion when it allowed the State to engage in an improper jury argument.  During the State's

final concluding remarks, the State told the jury that Lemon failed to call an appointed DNA expert

as a witness. Although we hold the State's comment was improper, the comment does not constitute reversible error. We affirm the trial court's ruling.

## BACKGROUND

Lemon was charged in a three-count indictment with one count of indecency with a child by contact and two counts of aggravated sexual assault of a child. Prior to making its final concluding remarks, the State approached the bench and informed the trial judge that it intended to discuss Lemon's failure to call his appointed DNA expert. The State argued that it could comment on Lemon's failure to call his appointed DNA expert since the expert was available to testify. The State further argued that the jury could infer that Lemon did not call the DNA expert because the expert's testimony would have been unfavorable to Lemon. Lemon objected, and the trial court overruled Lemon's objection.

During the State's final concluding remarks, the State told the jury: "You know the State bears the burden of proof in a case. We have to prove it. Okay? But there's a rule out there that says when a Defendant has a credible witness that's able to rebut the evidence that the State puts on and they don't do that, that witness is available to testify – [.]" Lemon objected twice to the State's comment, and the trial court told the jury that the defense has no burden to produce witnesses and overruled the objections. The State then continued:

> The Court gave [Lemon] a DNA expert paid for by the County. Just like he told you. He can't pay for that. It wouldn't be fair for the State to have its own crime lab. So the Court gave him a DNA expert, and the Defense noticed him as an expert that could come testify here in trial today, but there was no witness that came. There was no testimony challenging DNA evidence.
> There was a lot of what? Smoke and mirrors, hocus pocus. There was no expert to say that any of this in any way impacts negatively the result reached in this case. In fact, the only evidence that's in the record is that every single DNA test that was done in the State's lab was done in strict accordance with the policies and procedures with zero indications of tampering or invalid results.

After the closing arguments, the jury found Lemon guilty of one offense of indecency with a child and two offenses of aggravated sexual assault of a child.

### STANDARD OF REVIEW

We review a trial court's ruling on an objection to a jury argument under an abuse of discretion standard. *See York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd). Proper jury argument must fall within one of the following four categories: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from the evidence; (3) answer to opposing counsel's arguments; or (4) a plea for law enforcement. *Albiar v. State*, 739 S.W.2d 360, 362 (Tex. Crim. App. 1987) (en banc); *Hernandez v. State*, 171 S.W.3d 347, 357 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). During its jury argument, the prosecution may comment on the defense's failure to call a competent and material witness who was available to testify and whose existence is reflected in the record. *Albiar*, 739 S.W.2d at 362-63; *see also Gemoets v. State*, 116 S.W.3d 59, 71 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Jarnigan v. State,* 57 S.W.3d 76, 94 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The prosecution may even argue the defense failed to call the witness because the witness's testimony would have been unfavorable to the defense. *Albiar*, 739 S.W.2d at 363; *see also Gemoets*, 116 S.W.3d at 71; *Jarnigan*, 57 S.W.3d at 94.

### DISCUSSION

In his sole issue on appeal, Lemon contends the State committed reversible error when it engaged in an improper jury argument during its final concluding remarks. Lemon contends the State injected facts that were not before the jury when the State announced that Lemon failed to call

his appointed DNA expert. Lemon further contends the State's argument was improper because it implied that the expert would have given harmful testimony to the defense's case.

The State contends its comment constituted a proper jury argument because the expert was available to testify and rebut the State's evidence. According to the State, the expert's existence was reflected in the record. The State contends the trial court allotted funds for Lemon to use in consulting an independent DNA expert, and Lemon gave the State and the trial court notice of its intention to call the DNA expert. Because these actions are part of the record, the State contends it met the necessary requirements to comment on Lemon's failure to call his appointed DNA expert.

As a preliminary matter, we will address whether Lemon properly preserved the issue for appeal. According to the State, Lemon failed to preserve the issue for appeal because Lemon's objection at trial does not comport with his complaint on appeal. We disagree.

To preserve an issue for appeal, the appellant must make a timely and specific objection. TEX. R. APP. P. 33.1(a); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); *see also Hernandez*, 171 S.W.3d at 358 (explaining that an objection must alert the trial court to what specifically is being objected). The objection made at trial must correspond with the issue presented on appeal. *Turner*, 805 S.W.2d at 431. "An objection stating one legal basis may not be used to support a different legal theory on appeal." *Edwards v. State*, 97 S.W.3d 279, 287 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

Prior to the State's final concluding remarks, both parties approached the bench. The State informed the trial judge it intended to discuss Lemon's failure to call the appointed DNA expert. The State argued under *Albiar*, 739 S.W.2d at 363, it may comment on Lemon's failure to call the appointed DNA expert since the expert was available to testify. The State further contended

Lemon's failure to call the expert would justify an inference that the expert's testimony would be unfavorable to Lemon. Thereafter, Lemon objected and stated, "Well, I object to him going into that, Judge, because I don't have to – the burden is not on me. That would be an inference to the jury talking about why my witnesses didn't show up when I have no burden to call any witnesses." The trial court overruled the objection and stated, "I mean, the case says you can do it. I think that's dangerous, but I'm going to overrule your objection[.]"

During the State's final concluding remarks, Lemon objected twice to the State's discussion regarding Lemon's failure to call his appointed DNA expert. Lemon first objected to the State discussing whether he was required to produce or not produce the witness, and the trial court stated, "[T]he jury understands that the Defense has no burden, period." Lemon then objected "to what [the State's] fixing to go into[,]" and the trial court overruled the objection based on *Albiar v. State*, the case discussed earlier at the bench. Here, Lemon's multiple objections properly alerted the trial court that Lemon objected to the State's comments as an improper jury argument particularly given the trial court's reliance on *Albiar* in overruling the objection. Having objected to the argument as improper, Lemon properly preserved the issue for appeal. *See* TEX. R. APP. P. 33.1(a); *Turner,* 805 S.W.2d at 431; *Hernandez*, 171 S.W.3d at 358.

The trial court signed two orders authorizing the appointment of two experts and the payment of reasonable expert fees. Before trial, Lemon filed a motion, designating one of the appointed experts as an expert witness. During the trial, however, Lemon did not call or make any mention of these appointed experts before the jury. Instead, during trial and outside the presence of the jury, Lemon stipulated that he would not call Jamie Ferrell, a sexual assault nurse examiner appointed for the defense. After examining the entire record, it is clear that the existence of an appointed DNA

expert was never mentioned to the jury. *See Garret v. Texas*, 632 S.W.2d 350, 352-53 (Tex. Crim. App. 1982). Because "it is improper to invite the jury to speculate on the existence of evidence not presented," we hold that the State improperly commented on the failure of the defense to call the appointed DNA expert to the stand. *Westbrook*, 29 S.W.3d at 115; *see also Albiar*, 739 S.W.2d at 363 (noting the rule permits comments on the defendant's failure to call witnesses if those witnesses' existence is reflected in the record and the comment could support a defensive theory); *Garrett*, 632 S.W.2d at 352-53 (highlighting the reason the prosecution could not comment on the defendant's failure to call additional witnesses was because nothing in the record reflected the existence of other witnesses who could have testified on the defendant's behalf); *but see also Torres v. State*, 552 S.W.2d 821, 825 (Tex. Crim. App. 1977) (holding the State's comment on the defense's failure to call an alibi witness was proper because there was evidence before the jury that the alibi witness existed); *Kelley v. State*, 845 S.W.2d 474, 477-78 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (holding that a comment about a defendant's failure to call his sister and girlfriend as witnesses was proper where there was evidence before the jury that established that the defendant's sister and girlfriend were present when offense occurred).

However, our analysis does not end here. To decide whether the error warrants reversal, we must determine whether Lemon's substantial rights were affected. *See* TEX. R. APP. P. 44.2(b); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (holding improper jury arguments are nonconstitutional violations governed by Rule 44.2(b) of the Texas Rules of Appellate Procedure). We look to the following three factors to determine whether an appellant's substantial rights were affected: (1) the severity of the misconduct; (2) any curative measures adopted; and (3) the certainty of the conviction absent the misconduct. *See Brown v. State*, 270 S.W.3d 564, 572-73 (Tex. Crim.

App. 2008); *Mosley*, 983 S.W.3d at 259. "[I]n evaluating the severity of the misconduct, we must assess 'whether [the] jury argument is extreme or manifestly improper [by] look[ing] at the entire record of final arguments to determine if there was a willful and calculated effort on the part of the State to deprive [Lemon] of a fair and impartial trial.'" *See Brown*, 270 S.W.3d at 573 (quoting *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)).

In examining the severity of the misconduct, we note that the State's comment was in response to comments made during Lemon's closing argument attacking the State's DNA evidence. *See Terrazas v. State,* No. 03-05-00344-CR, 2006 WL 2080381, at *10 (Tex. App.—Austin July 28, 2006, pet. ref'd) (not designated for publication) (holding that a prosecutor's statement was not reversible error because the statement was responding to defense counsel's closing argument). During trial, Lemon attacked the credibility of the State's DNA expert during his direct examination by questioning the accuracy of the lab procedures. During his direct examination, Lemon pointed out that the victim's DNA also "show[ed] up in another person by the name of Guadalupe Rodriguez," implying that the victim's DNA evidence was contaminated with Rodriguez's DNA. Arguing that the lab could have made a mistake, Lemon reiterated this point during his closing remarks and indicated there was reasonable doubt as to the sexual assault nurse examiner's report regarding the Y-STR information. The State then responded by pointing out Lemon could have called its appointed DNA expert if he had wanted to undermine the DNA analysis offered by the State. After reviewing the final arguments as a whole, we conclude that the State's comment, although severe, was not extremely or manifestly improper and was not made in a willful or calculated effort to deprive Lemon of a fair and impartial trial. *See Brown*, 270 S.W.3d at 572-73; *Mosley*, 983 S.W.3d at 260.

Although there were no curative measures, such as an instruction to disregard, we note that the certainty of the conviction was high absent the misconduct. *See Mosley*, 983 S.W.3d at 260. At trial, Lemon's stepdaughter, the victim, testified that Lemon sexually assaulted her continuously over a period of three years. Although she admitted that she lied on some occasions to different people about the sexual episodes, she testified that she lied because she felt bad that her stepfather was taken away and she was sent to The Bridge. She testified she tried to reunite her family by lying and retracting her story. The State also presented DNA evidence from Javier Flores, a DNA analyst with the Texas Department of Public Safety. Flores testified that after screening a pair of Lemon's underwear, he found a mixture of Lemon's, the victim's, and Lemon's wife's DNA profiles in the underwear. Furthermore, in addressing the contamination issue regarding the victim's DNA showing up in the DNA sample of another person, Flores testified that over a period of time, mistakes are inevitable, and a correction action report was prepared to document the mistake. At the end of his testimony, Flores testified the contamination incident did not in any way affect his testing, analysis, or results. The State also presented evidence regarding additional DNA testing performed by Melissa Benavides, a forensic DNA analyst with an independent, outside agency. Benavides testified that after conducting a Y-STR testing analysis, Lemon's DNA was located on a vaginal swab taken from the victim. Given the State's evidence, Lemon's conviction was very certain.

After reviewing the record and final arguments as a whole, we hold that the error is not reversible because the State's comment did not affect Lemon's substantial rights. *See Brown*, 270 S.W.3d at 572-73; *Mosley*, 983 S.W.3d at 259-60.

## CONCLUSION

We affirm the trial court's judgment.

Marialyn Barnard, Justice

PUBLISH