

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00261-CR

Darrick Davon **OLIVER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR1844
Honorable Ray Olivarri, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED

A jury found appellant Darrick Davon Oliver guilty of two counts of retaliation by threatening to harm two police officers based on their status as public servants. In his sole issue on appeal, Oliver argues the trial court erred in admitting evidence of six extraneous offenses. We affirm the trial court's judgment.

## BACKGROUND

Given our disposition of Oliver's sole complaint, a detailed rendition of the facts is unnecessary. Accordingly, we provide a very brief statement of the facts for context.

According to one of the witnesses, who was Oliver's common law wife, Oliver assaulted her, her sister, and her friend after returning home late one evening. The argument started when Oliver removed his and his wife's baby from its crib against his wife's wishes. Oliver slammed his wife's hand in the bedroom doorway, punched his wife's sister in the jaw, and ultimately, threw all three women out of the house. The wife called police. By the time San Antonio police officers Matthew Martin and Vincent Giardino arrived, Oliver had locked all three women out of the house. Ultimately, the officers arrested Oliver based on outstanding warrants. However, before the officers could remove him from the home, Oliver verbally threatened his wife, her sister, and her friend, reminding them of his gang affiliation. Oliver made similar threats against the officers, prompting the retaliation charges.[1]

Oliver was charged as a habitual offender with two counts of retaliation. After a jury found him guilty, the trial court sentenced Oliver to thirty years' confinement. Thereafter, Oliver perfected this appeal.

## ANALYSIS

In his sole issue on appeal, Oliver argues the trial court erred in admitting, over his objection, evidence of six extraneous offenses — three aggravated assaults and three terroristic threats — during the guilt–innocence phase of the trial. According to Oliver, under Rule 404(b) of the Texas Rules of Evidence, such evidence is not admissible at the guilt–innocence phase of the trial. The State counters, arguing Oliver did not preserve this issue for our review because Oliver's trial objection does not comport with his complaint on appeal.

To preserve error for our review, a party must object and state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial

---

[1] Section 36.06 makes it an offense to threaten to harm another by an unlawful act in retaliation for, or on account of, another's service or status as a public servant. TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2011).

court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a). The objection must be sufficiently clear to give the judge and opposing counsel an opportunity to address the complaint and, if necessary, correct the purported error. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). The objection at trial must also comport with the complaint raised on appeal; otherwise, the complaint is waived. *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005); *Lemon v. State*, 298 S.W.3d 705, 708 (Tex. App.—San Antonio 2009, pet. ref'd). In determining whether a complaint on appeal comports with one made at trial, we look to the context of the objection and the shared understanding of the parties at the time. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

The State sought to introduce testimony from Officer Martin regarding statements made to him by the three female witnesses and the statements made by Oliver to the three female witnesses at the time of the arrest. The State intended to have Officer Martin testify about what the women said to him regarding Oliver's alleged assaults on them as well as the "gang affiliation" threats Oliver made to the women. To determine the admissibility of the statements, the trial court held an evidentiary hearing outside the presence of the jury.

During the hearing, the State argued the statements made by the three female witnesses regarding the alleged assaults constituted admissible hearsay based on the theories of present sense impression and excited utterance. *See* TEX. R. EVID. 803(1), (2). As to the gang affiliation statements made by Oliver to the women, the State claimed they were extremely relevant to the charged offenses. In response to the State's argument, Oliver's counsel requested that if the trial court intended to grant the State's request to admit the women's statements, that it consider admitting into evidence statements by the women *recanting* their original statements to the officer. The trial court ruled the evidence was admissible, and Oliver's counsel simply stated, "Note my

exception —" and "note our objection to the court's ruling." Counsel for Oliver made no objection based on Rule 404(b) — or any other rule — and made no further argument with regard to the statements. When the statements were admitted into evidence, Oliver's counsel made no additional objections to the statements.

After reviewing the vague objection made by Oliver's counsel in the context of the hearing and considering the shared understanding of the parties at the time, we conclude the trial court and the parties understood Oliver's objection to be that the evidence was inadmissible hearsay or irrelevant as these are the only two bases mentioned by the State for the admission of the evidence. Oliver did not assert anything other than a vague, non-specific "objection" to the trial court's ruling. He never stated or implied the statements should be excluded as extraneous offenses under Rule 404(b) of the Texas Rules of Evidence. On appeal, however, Oliver argues the evidence constituted inadmissible extraneous offenses and therefore, should have been excluded.

First, we hold Oliver's objection was not specific. *See* TEX. R. APP. P. 33.1(a). Moreover, the objection, when considered in context, referenced hearsay and relevancy — there was no mention of Rule 404(b) or extraneous offenses. While we are not hyper-technical in the examination of whether error was preserved, we conclude Oliver's trial objection does not comport with the extraneous offense complaint raised on appeal. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (en banc) (holding that hearsay and relevancy objections made at trial did not comport with claim of inadmissible extraneous offense evidence on appeal); *Batiste v. State*, 217 S.W.3d 74, 82 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that relevancy objection at trial could not be interpreted as objection to evidence as inadmissible extraneous offense). Accordingly, we hold Oliver failed to preserve his Rule 404(b) complaint for appellate review, and overrule his sole issue.

## CONCLUSION

Based on the foregoing, we hold Oliver waived his sole appellate complaint, and we therefore affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish