

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00115-CR

ROBERT GARCIA JR.                                                 APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1321858D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Robert Garcia Jr. of delivery of a controlled substance, cocaine, of four grams or more but less than 200 grams, a first degree felony, and the trial court assessed his punishment at eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). In two

---

[1]*See* Tex. R. App. P. 47.4.

points, Appellant argues that the trial court erred during final arguments (1) when it overruled his objection to the prosecutor's direct comment on his failure to testify and (2) when it overruled his objection to the prosecutor's striking at the defendant over the shoulders of counsel. We affirm.

## The Evidence

Robert Walsh, a narcotics detective, purchased cocaine from a person he met while conducting an undercover "street level" sting operation. Detective Walsh identified Appellant as the person to whom he gave $250 in exchange for eight grams of cocaine in a transaction that took place in an Arlington parking lot.

## Argument About Which Appellant Complains

Both of Appellant's points are based on arguments made by the prosecutor during final arguments. We present first portions of defense counsel's arguments:

> [DEFENSE COUNSEL]: It is the height of arrogance to bring one officer with no other form of evidence that was possible to be brought to you and nothing more and say, this is enough, trust us, we're the government.

Thereafter, defense counsel returned to the theme of the State's relying on a single witness:

> [DEFENSE COUNSEL]: What we do know is that Detective Walsh makes his living lying, being an actor, misrepresenting, faking what he looks like, faking his voice, persuading people of things that are not true. He is trained to persuade you. Trust me, I'm the government. How arrogant is it that we don't have to bring you any other evidence?

2

So there's literally no other evidence before you, including everything on this rail, for you to consider. I would suggest to you just the weight of all this makes it impossible to find the case beyond a reasonable doubt. . . .

It is reasonable to require the government to do its job. It is reasonable to require the government to bring you different types of evidence so that you can compare the evidence in reaching your decision on if they've proved their case as to each of those elements beyond a reasonable doubt.

The failure to provide you with what is routine investigation and evidence in this case is a failure of the government to prove their case to you beyond a reasonable doubt. It's a good thing you're here.

Defense counsel closed with these remarks:

[DEFENSE COUNSEL]: It's not enough. Protect the citizen who's accused and protect all of our Constitutional rights. Thank you very much.

In the prosecutor's closing arguments, he made the following arguments that form the bases of Appellant's complaints:

[PROSECUTOR]: Now, how much is enough? I've been doing this a long time, and I wish just one time I would come in here to try a case and the Defense would say, you've got me.

[DEFENSE COUNSEL]: Objection. This is a comment on failure to testify. This is also striking at the Defendant over the shoulder of counsel. This is a totally improper argument.

THE COURT: Overruled.

[PROSECUTOR]: What I'm pointing out, ladies and gentlemen, is it's the Defense's job to point out supposed inconsistencies.

[DEFENSE COUNSEL]: Objection. This is a lessening of the burden. The Defense, as the Court has told the jury, has no job at all but to sit and be present.

3

[PROSECUTOR]:  I'll withdraw that comment.

THE COURT:  All right.

[PROSECUTOR]:  But, ladies and gentlemen, you heard what the arguments were.

[DEFENSE COUNSEL]:  Excuse me, Your Honor.  Did you, I'm sorry, sustain my objection?

THE COURT:  I did.

[DEFENSE COUNSEL]:  So then I must ask for a limiting instruction, please.

THE COURT:  The Court will disregard the last argument of [the prosecutor].

[DEFENSE COUNSEL]:  The jury shall?

THE COURT:  The jury shall.  I'm sorry.

[DEFENSE COUNSEL]:  Yes, sir.  Then you know I have to ask for a mistrial.

THE COURT:  That's denied.

**Whether the Prosecutor Commented on Defendant's Failure to Testify**

In Appellant's first point, he argues that the trial court erred by overruling his objection to the prosecutors' direct comment on his failure to testify.

The purpose of closing arguments is to facilitate the jury's proper analysis of the evidence so as to arrive at a just and reasonable conclusion based solely on the evidence.  *Barnes v. State*, 70 S.W.3d 294, 308 (Tex. App.—Fort Worth 2002, pet. ref'd).  Permissible jury arguments by the State must fall within one of four general areas:  (1) summation of the evidence; (2) reasonable deduction

4

from the evidence; (3) answer to the argument of opposing counsel; or (4) pleas for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993).

Appellate courts review an allegedly improper argument in the context of the entire argument. *Mosley v. State*, 686 S.W.2d 180, 183 (Tex. Crim. App. 1985). When the complaint is that a prosecutor commented on the defendant's failure to testify, we review the language used from the jury's standpoint. *Nowlin v. State*, 507 S.W.2d 534, 536 (Tex. Crim. App. 1974). If the prosecutor's comments are not a direct attack on the defendant's failure to testify, the language used must be such that the jury would have "necessarily and naturally" taken it as a comment on the defendant's election not to testify. *Montoya v. State*, 744 S.W.2d 15, 35 (Tex. Crim. App. 1987), *cert. denied*, 487 U.S. 1227 (1988).

The prosecutor's comment questioning how much was enough was in response to defense counsel's closing assertion, "It's not enough." It was from that point that the prosecutor launched into other comments. We hold that the prosecutor's arguments were in response to opposing counsel's arguments. *See Felder*, 848 S.W.2d at 94–95.

We also hold the prosecutor's argument was not a direct comment on Appellant's failure to testify. The prosecutor referred to "the Defense" generically and not to Appellant specifically. His reference to "the Defense" was broad enough to encompass defense counsel, as distinguished from Appellant or

5

defendants generally. Appellant asserts that the prosecutor's subsequent comment—"it's the Defense's job to point out supposed inconsistencies"—shows that the prosecutor "stepped in it again." We disagree. That comment appears to be in response to defense counsel's argument that it was "reasonable to require the government to do its job." We conclude it was not a comment on Appellant's failure to testify.

Finally, we hold it was not manifestly intended or of such a character that the jury would have necessarily and naturally taken it as a comment on Appellant's failure to testify. The implication that the comment referred to the defendant's failure to testify must be clear. *See Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). That the language might be construed as an implied or indirect allusion is insufficient. *See id.* The comment was not manifestly intended to comment on Appellant's failure to testify. *See id.* The prosecutor was not faulting Appellant for not taking the stand for the purpose of admitting his guilt. The prosecutor was telling the jury that no matter how strong a case he presented, in a contested trial, "the Defense" was never going to concede its case. The jury would not have necessarily and naturally taken the prosecutor's argument as a comment on Appellant's failure to testify. *See id.* We overrule Appellant's first point.

## Whether the Prosecutor Struck at Appellant over the Shoulders of Counsel

In Appellant's second point, he contends the trial court erred by overruling his objection that the prosecutor had struck at him over the shoulders of counsel.

The "over-the-shoulders-of-counsel" rule protects the defendant from improper character attacks on defense counsel. *See Coble v. State*, 871 S.W.2d 192, 205 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 829 (1994). Character attacks on defense counsel are improper because they unfairly inflame the jury against the accused. *Wilson v. State*, 7 S.W.3d 136, 147 (Tex. Crim. App. 1999). A prosecutor risks improperly striking at a defendant over the shoulders of counsel when the prosecutor refers to defense counsel personally and explicitly impugns defense counsel's character. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998), *cert. denied*, 526 U.S. 1070 (1999); *Guy v. State*, 160 S.W.3d 606, 617 (Tex. App.—Fort Worth 2005, pet. ref'd). The State may not accuse defense counsel of bad faith and insincerity. *Fuentes v. State*, 664 S.W.2d 333, 335 (Tex. Crim. App. [Panel Op.] 1984). We review a trial court's ruling on an objection asserting improper jury argument for an abuse of discretion. *Lemon v. State*, 298 S.W.3d 705, 707 (Tex. App.—San Antonio 2009, pet. ref'd).

The prosecutor's comments were directed at "the Defense" generically and not at defense counsel personally. His comments, therefore, attenuate any personal impugning of defense counsel's character. Nor did the prosecutor impugn the character of defense counsel generally; rather, the prosecutor was

7

trying to drive home the point that in a contested trial, the defense will not concede its case no matter how strong a case the prosecution brings. To the extent the prosecutor's following comment about it being "the Defense's job to point out supposed inconsistencies," that argument broached accusing defense counsel generally of acting in bad faith and with insincerity; however, as noted above, this latter comment appears to have been in response to defense counsel's argument that the State failed in its job of presenting sufficient evidence. In any event, the trial court instructed the jury to disregard that comment. We overrule Appellant's second point.[2]

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 29, 2015

---

[2]To the extent Appellant argues, in conjunction with his second point, that the State injected new facts outside the record, this was not Appellant's objection at trial; accordingly, that particular complaint was not preserved for appeal. *See* Tex. R. App. P. 33.1(a).

8