COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MICHAEL ANDREW KIND, | § | No. 08-19-00241-CR |
| Appellant, | § | Appeal from the |
| v. | § | 171st Judicial District Court |
| THE STATE OF TEXAS | § | of El Paso County, Texas |
| Appellee. | § | (TC#20170D04944) |

## **O P I N I O N**

Michael Andrew Kind was charged by indictment with the offense of Evading Arrest or Detention, enhanced with a Previous Conviction. A jury found Kind guilty, and Kind opted to have the trial judge assess punishment. Kind was sentenced to two years in the state jail.

In two issues on appeal, Kind argues that the evidence is insufficient for the jury to have found him guilty of the offense and that the trial court erred by sustaining the State's objection to jury argument and failed to properly instruct the jury on the definition of reasonable suspicion. We will affirm the judgment of conviction.

### **Factual Background**

The events giving rise to Kind's conviction occurred on the evening of September 2, 2017 at a bowling alley in El Paso, Texas. Jacob Serna, an off-duty El Paso police officer working as

uniformed security at the bowling alley, was directed by several female patrons and a manager to the ladies' restroom, where he found Mr. Kind in one of the stalls. Officer Serna made repeated requests for the stall occupant to step out, which Kind ignored. Officer Serna opened the stall door, escorted Mr. Kind out of the ladies' restroom, then questioned him as to why he had been there.

Rather than responding to the officer's questions, Kind put his hands together in a prayer-like pose, breathed heavily, and closed his eyes. Officer Serna testified that he suspected from this behavior that Kind was under the influence of alcohol or drugs and that he smelled alcohol on Kind's breath and on his person, leading him to determine that Kind was intoxicated. Officer Serna testified that he decided to take Kind outside to avoid any possible altercation with other patrons, as families with children were present. Once outside, Officer Serna asked Kind to remove his hands from his pockets, suspecting Kind may have posed a danger via a gun or knife in his pocket. Kind did not comply, but rather just continued his heavy breathing, and the officer attempted to physically pull Kind's hands from his pockets. Officer Serna testified that Kind then pulled away from him and attempted to flee. Serna testified that he felt Mr. Kind was a danger to himself and others, therefore he chased and tackled Kind a few yards away.

**Discussion**

Issue 1 - Legal Sufficiency

On appeal, Kind argues that the evidence is legally insufficient to support his conviction because his detention was not lawful. A legal-sufficiency review requires an appellate court to determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007) *citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

2

Sufficiency of the evidence is measured against the elements of the offense. *See Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009). A person commits the offense charged here, evading arrest or detention, if he intentionally flees from a person he knows is a peace officer who is attempting to lawfully arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a). The State bears the burden to prove the lawfulness of the attempted detention. *See Crawford v. State*, 355 S.W.3d 193, 196 (Tex.App.—Houston [1st Dist.] 2011, pet. ref'd). A police officer may stop and briefly detain a person for investigative purposes—known as an investigative detention—if the officer, in light of his experience, has a reasonable suspicion, supported by articulable facts, that criminal activity may be afoot. *See Terry v. Ohio*, 392 U.S. 1, 20 (1968). A detaining officer has reasonable suspicion if there are specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex.Crim.App. 2011); *Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005); *see also Terry*, 392 U.S. at 21-22. This is an objective standard, applied by considering the totality of the circumstances. *Derichsweiler*, 348 S.W.3d at 914.

"[R]easonable suspicion requires 'that there is something out of the ordinary occurring and some indication that the unusual activity is related to crime.'" *Davis v. State*, 947 S.W.2d 240, 244 (Tex.Crim.App. 1997) (en banc) (*quoting Viveros v. State*, 828 S.W.2d 2, 4 (Tex.Crim.App. 1992)). A reasonable suspicion means more than a mere hunch or non-specific suspicion of criminal activity. *Tanner v. State*, 228 S.W.3d 852, 855 (Tex.App.—Austin 2007, no pet.). Whether reasonable suspicion exists is determined by considering the facts known to the officer at the time of the detention. *See Terry*, 392 U.S. at 21-22; *Davis*, 947 S.W.2d at 243.

Kind argues that there is no law against his being in the ladies' restroom, and thus evidence of his presence there is insufficient evidence of a crime being committed to support the officer's reasonable suspicion to detain him. With no lawful detention, Kind argues, his attempt to flee was not an offense because he did not flee from a lawful detention. However, reasonable suspicion is not a cut and dried determination of whether a crime is in progress, as Kind seems to argue— "[T]he relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular non-criminal acts." *Derichsweiler*, 348 S.W.3d at 914.

Viewing the evidence in the light most favorable to the verdict as we must and basing our inquiry on the evidence and reasonable inferences from the evidence, we conclude that a rational juror on this record could have found the essential elements of evading arrest or detention beyond a reasonable doubt. S*ee Clayton*, 235 S.W.3d at 778, *citing Jackson*, 443 U.S. at 319. Kind's presence in the ladies' room, even if not in violation of a specific law, was out of the ordinary. His behavior alarmed several women and the bowling alley manager enough to cause them to report the situation to Officer Serna. Mr. Kind's responses to the officer, including hiding in the stall, failing to respond when addressed, walking with hands clasped and breathing heavily, combined with the smell of alcohol on Mr. Kind, justified Officer Serna's suspicion that foul play may have been afoot. Officer Serna testified that he suspected Kind was intoxicated in a public place and that Kind's unusual behavior could pose a danger to Kind or other patrons. Based on the totality of the circumstances, the jury was rationally justified in determining that Officer Serna had reasonable suspicion to detain Kind, that Kind's detention was thus lawful, and that Kind's attempt to flee satisfied the elements of evading arrest or detention.

We overrule Kind's first issue.

Issue 2 - Trial Court Rulings on Reasonable Suspicion

In a second but interrelated issue on appeal, Kind argues that the trial court erred when it sustained an objection by the State to the defense's statement regarding the law on reasonable suspicion during closing arguments. During closing, defense counsel argued that for an officer to justify a detention, the officer must "have at least suspicion a crime has been committed." The court sustained the State's objection and stated that the defense counsel's argument was a misstatement of the law. Kind argues that the court's granting of the State's objection "hamstrung Defense Counsel" from explaining its defense of lack of reasonable suspicion and unlawful detention and thus violated his substantial rights. Following the same reasoning, Kind also argues that the trial court failed to properly instruct the jury on the law regarding reasonable suspicion.

We review a trial court's ruling on an objection to jury argument under an abuse-of-discretion standard. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex.Crim.App. 2004); *Lemon v. State*, 298 S.W.3d 705, 707 (Tex.App.—San Antonio 2009, pet. ref'd).

The Court of Criminal Appeals has recognized four proper areas of jury argument: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000). Argument that exceeds the permissible bounds of these approved areas "will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000) (en banc). When examining challenges to jury argument, we consider the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988).

During closing argument, defense counsel argued to the jury that because it was not a crime for a man to be in the women's restroom, the officer's detention was unlawful because there was no reasonable suspicion that a crime had been committed. The State objected that Kind had misstated the law and roughly quoted from *Arguellez v. State*, 409 S.W.3d 657, 663 (Tex.Crim.App. 2013): "[r]easonable suspicion for an investigatory stop is made by considering the totality of the circumstances. The relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular noncriminal acts." Defense counsel responded that this was exactly what he had stated, to which the trial court replied that it was not, then sustained the State's objection noting defense counsel's argument to be a misstatement of the law.

Kind objects to the trial court's ruling, continuing to argue that the definition of reasonable suspicion "calls for the Officer to provide articulable and specific facts regarding some type of criminal activity by the Defendant." However, as set forth fully above, this is not an accurate description of the law. We cannot say that the trial court abused its discretion in sustaining the State's objection. Likewise, Kind has not shown that the trial court abused its discretion in not giving an instruction to the jury to define reasonable suspicion to Kind's satisfaction. Moreover, Kind has failed to show that he was prejudiced or precluded from presenting his jury argument, even if the trial court had erred by sustaining the State's objections. The record shows that Kind made his defensive theory known in his opening statement, during his cross-examination of Officer Serna, and via his own testimony. Moreover, when the State objected to these arguments in closing, the trial court sustained the objections but did not instruct the jury to disregard Kind's arguments. As such, even if the trial court had committed error in sustaining the State's objections, such error

was harmless because the defense had the opportunity to argue its defensive theory and its understanding on the meaning of reasonable suspicion at trial.

We overrule Kind's second issue.

## Conclusion

Having overruled Kind's two issues on appeal, we affirm the trial court's judgment of conviction.

July 20, 2021

Jeff Rose, Former Chief Justice, Third Court of Appeals

Before Rodriguez, C.J., Palafox, J., and Rose, Former Chief Justice
Rose, Former Chief Justice (Sitting by Assignment)

(Do Not Publish)

7