# NO. 12-23-00100-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BARRY ATUN ROBERTS,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Barry Atun Roberts appeals his conviction for possession of a controlled substance with intent to deliver. In his sole issue, Appellant contends the trial court erred when it overruled his objection to the State's closing argument. We affirm.

## BACKGROUND

On February 1, 2021, Melanie Bowden called the police to have Appellant removed from her and her husband's residence. Troy Bowden was asking Appellant to leave when Officers Jeremy Jenkins and Jason Waldon from the Palestine Police Department arrived. Officer Waldon asked Appellant for his identification, and Appellant claimed it was in his vehicle. Waldon observed Appellant pull a stack of cards, which bore the names of different people, from his center console. Therefore, Waldon believed he had probable cause to search the vehicle. During the search, officers found, among other items, a notebook they believed to be a ledger of narcotic sales and a black bag. The black bag contained a digital scale, baggies, a canister containing an unknown substance, a syringe, a pipe, and a straw. The scale bore residue that Waldon's field test indicated was probably a controlled substance. They also found an Altoids can containing baggies of a substance later determined to be methamphetamine.

Appellant was ultimately arrested and charged by indictment with possession of a controlled substance in an amount more than one gram but less than four grams, with intent to deliver. Prior to trial, the State filed a notice of enhancement based on a prior conviction. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged. At the punishment phase, Appellant pleaded "true" to the enhancement. The jury then sentenced Appellant to forty years imprisonment. This appeal followed.

## IMPROPER JURY ARGUMENT

In his sole issue, Appellant contends the trial court erred when it overruled his objection to the State's closing argument.

### Standard of Review and Applicable Law

The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone, and not on any fact not admitted in evidence. **Milton v. State,** 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). We review challenges to a trial court's rulings on objections to closing argument for abuse of discretion. **Lemon v. State,** 298 S.W.3d 705, 707 (Tex. App.—San Antonio 2009, pet. ref'd). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *See* **Cire v. Cummings,** 134 S.W.3d 835, 838-39 (Tex. 2004). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. **Turner v. State,** No. 12-09-00264-CR, 2010 WL 2638146, at *1 (Tex. App.—Tyler June 30, 2010, pet. ref'd) (mem. op., not designated for publication). Further, the trial court's decision will be upheld on appeal if it is correct on any theory of law applicable to the case. ***Id.***

Proper jury argument (1) summarizes the evidence, (2) makes reasonable deductions from the evidence, (3) responds to arguments of opposing counsel, or (4) pleads for law enforcement. *See* **Wesbrook v. State**, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). A prosecuting attorney is permitted in argument to draw all inferences from the facts in evidence which are reasonable, fair and legitimate, and offered in good faith. **Cantu v. State**, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997).

Improper jury argument is generally considered non-constitutional error, and not grounds for reversal unless a substantial right is affected. *See* TEX. R. APP. P. 44.2(b); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998); *State v. Dudley*, 223 S.W.3d 717, 728 (Tex. App.—Tyler 2007, no pet.). A substantial right is affected when the error has a "substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). In *Mosely*, the Court of Criminal Appeals considered three factors in evaluating improper arguments: (1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). 983 S.W.2d at 259.

**Analysis**

At the conclusion of the punishment phase, the following exchange occurred during the State's closing argument:

> [The State]: He had 59.17 grams of what is considered "cut," look alike substance, whatever you want to call it, mixed with the 1.23 grams to give him 60 grams of methamphetamines to sell on the streets of Anderson County.
>
> [Appellant]: Judge, that's improper argument. Those cut was not mixed. There wasn't a dilutant. There's no evidence that -- that it was a dilutant, and the law requires it to be mixed to be consideration of the same weight. And, again, that's not what he was charged with.
>
> [Trial Court]: [The State] may use reasonable inferences from what the evidence was to base her argument on.
>
> Members of the jury, you are the fact-finder. Anything that [the State] says in the closing argument, anything [Appellant] says in closing argument, is not evidence. It's not law. The law you will follow is contained in the jury charge that you have in your hand now.
>
> The lawyers may make arguments based upon what they think are inferences from the evidence that was presented, but you will decide what the facts are and apply those facts to the law that I have given you.
>
> You may continue.
>
> [The State]: Thank you, Your Honor. As the evidence in the trial was, the cut is used to mix with the actual methamphetamines so that they have a larger quantity to sell to the community as a whole. If you do the math on the crime lab report, you have then 60.3 grams of a substance. If they are mixed together, which would be manufactures, and then intent of the defendant was to sell that in the community of Anderson County. We are asking you to sentence him to at least 50 years in the Texas Department of Criminal Justice.

The jury ultimately sentenced Appellant to forty years imprisonment.

Appellant argues that the State's comments about adding the "cut" and the methamphetamine together constitute impermissible jury argument. Appellant does not explicitly explain his theory; however, it appears he contends the argument exceeded the evidence presented at trial and did not make a reasonable deduction from the evidence presented.

We must first address whether Appellant preserved his complaint. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. TEX. R. APP. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). These preservation requirements apply to complaints of improper jury argument. *See Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) ("The right to a trial untainted by improper jury argument is forfeitable."). Indeed, erroneous jury argument, even if "incurably improper," is forfeited unless the complaining party objects at the time of the argument and pursues the objection to an adverse ruling. *Id.* at 623.

While Appellant objected to the first instances of the State's argument referencing adding the cut and methamphetamine together, he did not object to the second instance nor did he obtain a running objection. "[L]ike all complaints that are subject to preservation, a defendant must object each time an improper argument is made, or he forfeits his complaint, regardless of how egregious the argument." *Morris v. State*, No. 02-16-00171-CR, 2017 WL 2590569, at *5 (Tex. App.—Fort Worth June 15, 2017, pet. ref'd) (mem. op., not designated for publication) (citing *Valdez v. State*, 2 S.W.3d 518, 521–22 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)).

Because Appellant did not object when the State made the same argument for the second time or obtain a running objection, he failed to preserve his complaint for our review. *See Hernandez*, 538 S.W.3d at 621 (holding that the right not to be subjected to improper jury argument is forfeitable and that even inflammatory language outside the record "does not dispense with error preservation requirements"); *Williams v. State*, No. 02-17-00165-CR, 2018 WL 359916, at *2 (Tex. App.—Fort Worth Jan. 11, 2018, pet. ref'd) (mem. op., not designated for publication) ("preservation requirements apply even when the State's argument is egregious.").

However, even had Appellant preserved his complaint, the State's argument was not improper. During the guilt/innocence portion of trial, there was extensive testimony regarding "cut." Officer Waldon testified that cut is a substance that would make the methamphetamine last longer when mixed together. The evidence showed that Appellant possessed 1.23 grams of methamphetamine. He also possessed two bags weighing 29.64 grams and 29.53 grams that did not contain a controlled substance. Officer Waldon testified that he believed the unidentified substance was "cut." He further testified that once cut is mixed with a controlled substance, the entire mixture is considered a controlled substance. Appellant's witness, James Barnett, also testified that the bags contained cut, which "makes you have more stuff to get rid of." The State's argument made a reasonable inference regarding what quantity Appellant would have possessed if the cut and methamphetamine had been mixed together. Because counsel is generally given wide latitude to draw inferences from the evidence, the State's argument was not improper and the trial court did not err in overruling Appellant's objection. *See **Gaddis v. State***, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00100-CR**

**BARRY ATUN ROBERTS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-22-35889)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*